UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:11-cv-00319-PCF-DAB

PAUL W. SMITH, an individual,

    Plaintiff,

vs.

CROSSCHECK, INC.,
a California corporation,

    Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Paul W. Smith, an individual, sues Defendant, Crosscheck, Inc., a California corporation, and alleges:

**GENERAL ALLEGATIONS**

**PRELIMINARY STATEMENT**

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, together with state and federal pendant claims.

**JURISDICTION**

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

**ALLEGATIONS AS TO PARTIES**

3. At all times material hereto, Plaintiff, Paul W. Smith ("Mr. Smith"), was *sui juris*

and a resident of Seminole County, Florida.

4. At all times material hereto, Defendant, Crosscheck, Inc. ("Crosscheck"), was a California corporation doing business in Seminole County, Florida.

5. At all times material hereto, Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Seminole County, Florida.

6. At all times material hereto, Crosscheck was subject to jurisdiction in the State of Florida pursuant to Florida Long Arm Jurisdiction by the causation of injury within the state for acts committed outside the jurisdiction of Florida.

## FACTUAL ALLEGATIONS

### A. Description of Consumer Debt

7. On or about June 14, 2010, Mr. Smith went to a 20/20 Eyeglass Superstore ("20/20 Eyeglass") to purchase eyeglasses for his personal use.

8. At the aforementioned time, Mr. Smith wrote check #929 to 2020 Eyeglass in the amount of One Hundred Forty-Eight and 80/100ths Dollars ($148.80) ("Eyeglass Check") on a checking account in the name of Mr. Smith at Fairwinds Credit Union.

9. At the time Mr. Smith wrote the Eyeglass Check, Mr. Smith had both an open and closed account at Fairwinds Credit Union. Unfortunately, Mr. Smith inadvertently used a check from the checkbook for the closed account at Fairwinds Credit Union.

10. After the events described below, Mr. Smith repaid the Eyeglass Check.

### B. Unlawful Collection Activities of Crosscheck

#### 1. Crosscheck as a "Niche Collector"

11. Since 1983, Crosscheck has operated as a "check guarantee" business. For a fee,

Crosscheck guarantees that merchants and other parties who subscribe to the service of Crosscheck will receive payment for a dishonored check or instrument if approved by Crosscheck.

12. If an approved check is returned from a bank unpaid, the instrument is forwarded to Crosscheck for processing and collection.

13. As a check guarantee service, Crosscheck is a "debt collector" for purposes of the FDCPA. See, Durkin v. Equifax Check Service, Inc., 2002 WL 31426397 (N.D. Ill. 2002); Ballard v. Equifax Check Service, Inc., 27 F. Supp. 2d, 1201 (E.D. Cal. 1998); Taylor v. Checkrite, Ltd., 627 F. Supp. 2d 415 (S.D. Ohio 1986).

### 2. Improper Collection Communications

#### a. Impermissible Third Party Communications

14. After the Eyeglass Check was returned unpaid by Fairwinds Credit Union, the Eyeglass Check was assigned to Crosscheck for collection by 20/20 Eyeglass.

15. Subsequent to the assignment of the Eyeglass Check, commencing in July, 2010, Crosscheck, through its agents, employees and/or representatives acting in the scope of their employment and with the authority of Crosscheck, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Smith into paying the Eyeglass Check.

16. On or about July 5, 2010, an employee of Crosscheck by the name or trade alias of "Jesse Garcia" ("Mr. Garcia"), called the residence of Mr. Smith and spoke to the elderly father of Mr. Smith, to wit: William M. Smith ("Elder Smith").

17. In the course of the telephone discussion with Elder Smith, Mr. Garcia informed Elder Smith that Mr. Garcia was calling about an unpaid check to 20/20 Eyeglass.

#### b. Lack of Meaningful Disclosure of Status of Debt Collector

18. Subsequent to the initial telephone discussion with Father Smith, over a period

of several weeks, "Mr. Garcia" repeatedly left the following message on the answering machine of Mr. Smith in Seminole County, Florida:

> Hello Paul Smith, Jessie Garcia calling, Paul. 20 20 Eyeglass Superstores. 1-800-311-9920, Mr. Smith. Talk to you later, take care.

19. By information and belief, the telephone messages left by Defendant used an automatic dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff.

20. The messages are "communication(s)" as defined by 15 U.S.C. §1692a(2). *See*, *Berg v. Merchs. Ass'n Collection Div.*, 2008 US Dist. LEXIS 94023 (S.D.Fla.2008).

21. In the messages, Defendant failed to inform Plaintiff that the communication was from a debt collector and failed to disclose the purpose of its messages.

22. Through the messages, Defendant purposefully and intentionally referenced "20/20 Eyeglasses" in order to falsely and deceptively imply to the least sophisticated consumer that the message was from some person other than a debt collector.

23. Defendant placed an excessive and unreasonable number of calls to Plaintiff.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

24. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

25. Mr. Smith realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

26. At all times material hereto, Mr. Smith was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

27. At all times material hereto, 20/20 Eyeglass was a "creditor" as said term is defined

under 15 U.S.C. §1692a(4).

28.  At all times material hereto, the Eyeglass Check was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

29.  At all times material hereto, Crosscheck was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

30.  As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a)  communicated with a person other than Mr. Smith in a manner which violated the requirements of 15 U.S.C.§1692b, in that Defendant did not have the purpose of acquiring location information about Mr. Smith as a consumer and failed to limit the communication to the disclosures set forth in 15 U.S.C.§1692b(1);

(b)  communicated with third parties without the prior consent of Mr. Smith in connection with the collection of a debt in contravention of 15 U.S.C.§1692c(b);

(c)  engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(d)  used false, deceptive or misleading representations or means in connection with the collection of a debt in contravention of 15 U.S.C.§1692e.

(e)  used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C.§1692e(10); and

(f)  failed to disclose in the initial communication, if oral, with Mr. Smith that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication

was from a debt collector in contravention of 15 U.S.C. §1692e(11).

31. As a direct and proximate result of the violation of the FDCPA by Crosscheck, Mr. Smith has been damaged. The damages of Mr. Smith include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

32. Pursuant to 15 U.S.C. §1692k, Mr. Smith is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

33. Mr. Smith has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Paul W. Smith, an individual, demands judgment against Defendant, Crosscheck, Inc., a California corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

35. Mr. Smith realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

36. At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

37. At all times material hereto, Mr. Smith was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

38. At all times material hereto, 20/20 Eyeglass was a "creditor" as said term is defined under Florida Statutes §559.55(3).

39. At all times material hereto, Defendant was a "debt collector" as said term is defined under Florida Statutes §559.55(6).

40. As more particularly described above, Defendant has violated the FCCPA in that Defendant has willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Smith or a member of his family, in contravention of Florida Statutes §559.72(7).

41. As a direct and proximate result of the violation of the FCCPA by Crosscheck, Mr. Smith has been damaged. The damages of Mr. Smith include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

42. Mr. Smith has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

43. Pursuant to Florida Statute §559.77, Mr. Smith is entitled to recover actual damages together with statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Paul W. Smith, an individual, demands judgment for damages against Defendant, Crosscheck, Inc., a California corporation, together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

may require.

## COUNT III - ACTION FOR VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

44. This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations

promulgated thereunder.

45. Mr. Smith realleges and reaffirms the allegations contained in Paragraphs 1 through 43 above as if set forth hereat in full.

46. In furtherance of its collection activities, Crosscheck made repeated unlawful automated calls to the cellular phone of Mr. Smith on the following dates and times:

| DATE | TIME |
| --- | --- |
| 7/16/10 | 2:28 p.m. |
| 7/19/10 | 2:59 p.m. |
| 7/20/10 | 10:52 a.m. |
| 7/20/10 | 2:44 p.m. |
| 7/21/10 | 12:06 p.m. |
| 7/22/10 | 10:29 a.m. |
| 7/22/10 | 5:46 p.m. |
| 7/24/10 | 9:08 a.m. |
| 7/26/10 | 12:33 p.m. |
| 7/28/10 | 3:59 p.m. |
| 7/29/10 | 5:50 p.m. |
| 7/30/10 | 7:11 a.m. |
| 7/30/10 | 12:21 p.m. |
| 8/10/10 | 4:26 p.m. |
| 8/12/10 | 10:39 a.m. |
| 8/13/10 | 7:50 a.m. |
| 8/18/10 | 12:22 p.m. |

| | |
|---|---|
| 8/20/10 | 10:16 a.m. |
| 8/23/10 | 3:41 p.m. |
| 8/25/10 | 7:43 a.m. |
| 8/26/10 | 5:34 p.m. |
| 8/30/10 | 12:51 p.m. |
| 8/31/10 | 7:32 a.m. |
| 9/7/10 | 2:10 p.m. |
| 9/8/10 | 12:55 p.m. |
| 9/10/10 | 2:28 p.m. |
| 9/12/10 | 9:48 p.m. |

47. Crosscheck did not have the legal right to make telephone calls to Mr. Smith on his cellular phone regarding the alleged debt purportedly owed to 2020 Eyeglass.

48. Ms. Smith did not give consent to Crosscheck to contact Mr. Smith by any means.

49. Crosscheck used an unlawful auto dialer and pre-recorded messages to call the cellular phone of Mr. Smith without permission to do so in violation of the TCPA.

50. Crosscheck used an illegal predictive dialer to call the cellular phone of Mr. Smith without permission to do so in violation of the TCPA.

51. Crosscheck used an illegal prerecorded call to call the cellular phone of Mr. Smith without permission to do so in violation of the TCPA.

52. As more particularly described above, BAC placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Mr. Smith in violation of 47 U.S.C. §227(b)(1)(A)(iii).

53. There is no exception or justification for the numerous violations of the TCPA by Crosscheck.

54. Each call to the cellular phone of Mr. Smith is a separate violation and entitles Mr. Smith to statutory damages against Crosscheck in the amount of at least Five Hundred ($500.00) Dollars per call pursuant to 47 U.S.C. §227(b)(3).

55. Crosscheck willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred ($1,500.00) Dollars per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Paul W. Smith, an individual, demands judgment against Defendant, Crosscheck, Inc., a California corporation, for:

    A. Statutory damages;

    B. A declaration that the calls of Defendant violated the TCPA;

    C. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    D. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Paul W. Smith, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on July 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Shayne A. Thomas, Esquire, Roetzel & Andress, 420 South Orange Avenue, CNL Center II, 7th Floor, Orlando, FL 32801, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

      /s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Facsimile
rphyu@aol.com